IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN L. DYE, JR.,

                                                              ORDER

                Plaintiff,

                                                              11-cv-112-slc[1]

    v.

CHARLES J. GRISDALE, PH.D., JEFFERY
BARBELMAN, PH.D., DOCTOR RALPH,
MICHAEL THURMER, BELINDA SCHUBBE
and JOHN DOES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff John L. Dye, Jr., a prisoner at the Waupun Correctional Institution, has filed a proposed complaint, a request for leave to proceed in forma pauperis, a motion for preliminary injunctive relief and a motion for appointment of counsel. Plaintiff alleges that he has a severe anxiety disorder that prevents him from eating in front of other people and that prison staff have failed to issue appropriate restrictions to allow him to eat alone, which has led to his failing to eat for weeks at a time. Plaintiff has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

      However, before even considering whether 28 U.S.C. § 1915(g) applies to plaintiff's

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

claim, I note that there is a bigger problem with plaintiff's March 2, 2011 complaint. Plaintiff states on the complaint form that he had not exhausted his administrative remedies regarding this claim by the time he filed his complaint. Documentation provided by plaintiff confirms this fact. It shows that plaintiff received the final ruling from the Secretary's Office on March 21, 2011, weeks after he filed his complaint.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," Porter v. Nussle, 534 U.S. 516, 524 (2002). Plaintiff states that he filed the complaint before exhaustion was complete "due to the imminent danger involved," but this does not exempt him from § 1997e(a). Prisoners must exhaust administrative remedies *before* filing civil suit and may not complete the grievance process while litigation in federal court is pending. Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). Therefore I will dismiss this case without prejudice. All of his pending motions will be denied as moot. Plaintiff remains responsible for the $350 filing fee in this case.

Usually I would instruct plaintiff that he could refile his complaint as soon as he exhausted his administrative remedies. However, in this case, it seems that plaintiff has now fully exhausted the administrative process. Therefore, I will give plaintiff a chance to inform the court whether he would like to reopen his complaint under a new case number, at which

point I will take up the issue whether he qualifies for in forma pauperis status. Plaintiff should keep in mind that if he wishes to have the court consider the complaint under a new case number, he will owe the $350 filing fee for that case as well as the $350 fee for this dismissed case.

ORDER

IT IS ORDERED that

1. This case is DISMISSED without prejudice for plaintiff John Dye's failure to exhaust available administrative remedies before filing the lawsuit.

2. Plaintiff's motions for leave to proceed in forma pauperis, dkt. #6, for appointment of counsel, dkt. #5 and for preliminary injunctive relief, dkt. 1, are DENIED as moot.

3. Plaintiff may have until June 27, 2011 to inform the court whether he wishes to reopen his complaint under a new case number.

Entered this 17th day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3